JAP:ALC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        14-153 M

UNITED STATES OF AMERICA

     - against -               C O M P L A I N T
                                   (T. 8, U.S.C., §§ 1326(a) and
RAYMUNDO PEREZ-ENRIQUEZ,       1326(b)(2))
        also known as
        "Raymundo Perez,"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

              LAMAR HARRISON, being duly sworn, deposes and states that he is a

deportation officer with Immigration and Customs Enforcement ("ICE"), duly appointed

according to law and acting as such.

              Upon information and belief, there is probable cause to believe that on or about

December 12, 2012, within the Eastern District of New York and elsewhere, the defendant

RAYMUNDO PEREZ-ENRIQUEZ, also known as "Raymundo Perez," being an alien who had

previously been arrested and convicted of an aggravated felony, and was thereafter excluded and

removed from the United States, and who had not made a re-application for admission to the

United States to which the Secretary of the Department of Homeland Security, successor to the

Attorney General of the United States, had expressly consented, was found in the United States.

              (Title 8, United States Code, Sections 1326(a) and 1326(b)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:

1.     I am a deportation officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2.     On or about December 12, 2012, within the Eastern District of New York, the defendant RAYMUNDO PEREZ-ENRIQUEZ, also known as "Raymundo Perez," was arrested by officers of the New York City Police Department ("NYPD") in Brooklyn, New York, and charged with strangulation in the second degree, in violation of Section 121.12 of the New York Penal Law.   The defendant used the name "Raymundo Perez" in connection with this arrest. On February 5, 2014, the defendant was convicted upon a guilty plea of criminal contempt in the second degree, in violation of Section 215.50 of the New York Penal Law, in full satisfaction of the charges pending against him.   Also on February 5, 2014, the defendant was sentenced to 364 days' imprisonment and an order of protection.

3.     The NYPD fingerprinted the defendant upon his December 12, 2012 arrest, and when those fingerprints were entered into law enforcement databases, ICE received a notification that the fingerprints matched other prior fingerprints of the defendant contained in the databases.   ICE officials ran a criminal history report and found that the defendant, a citizen of Mexico, had previously been removed from the United States on December 12, 2011.   The defendant used the name Raymundo Perez-Enriquez in connection with that removal.   The

3

defendant was removed following a conviction upon a guilty plea on August 31, 2009 in the New

York State Supreme Court, Queens County, for sexual abuse in the first degree, in violation of

Section 130.65(1) of the New York Penal Law, for which he was sentenced to 30 months'

imprisonment and five years' post-release supervision.   Sexual abuse in the first degree, in

violation of Section 130.65(1) of the New York Penal Law, is an aggravated felony.   The

defendant used the name "Raymundo Perez" in connection with this arrest and conviction.

4.      An ICE official with fingerprint analysis training compared the fingerprints

taken in connection with the defendant's June 5, 2009 arrest (underlying his August 31, 2009 New

York state conviction), the December 12, 2011 removal, and the December 12, 2012 arrest by the

NYPD, and determined that all three sets of fingerprints were made by the same individual.

5.      A search of ICE records has revealed that there exists no request by the

defendant for permission from either the United States Attorney General or the Secretary of the

Department of Homeland Security to re-enter the United States after removal.

4

WHEREFORE, your deponent respectfully requests that the defendant

RAYMUNDO PEREZ-ENRIQUEZ, also known as "Raymundo Perez," be dealt with according

to law.

S/ Lamar Harrison

_____
LAMAR HARRISON
Deportation Officer
ICE

Sworn to before me this
19th Day of February, 2014

S/ James Orenstein

_____
THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK